1   VICTOR T. FU (State Bar No. 191744)
2   ALBERT T. LIOU (State Bar No. 180258)
    LKP GLOBAL LAW, LLP
3   1901 Avenue of the Stars, Suite 480
    Los Angeles, California 90067
4   Telephone: (424) 239-1890
5   Facsimile: (424) 239-1882
    Email: vfu@lkpgl.com
6          aliou@lkpgl.com
7   Attorneys for Plaintiff
8   SPARK NETWORKS USA, LLC

9   LEE TRAN & LIANG LLP
    Enoch H. Liang (SBN 212324)
10  enoch.liang@ltlattorneys.com
    Lisa J. Chin (SBN 259793)
11  lisa.chin@ltlattorneys.com
    601 Gateway Blvd., Suite 1010
12  South San Francisco, California 94080
    Telephone: (213) 612-8900
13  Facsimile: (213) 612-3773
    Attorneys for Defendant
14  SALEM COMMUNICATIONS CORPORATION
15

FILED
CLERK, U.S. DISTRICT COURT

JUN 13 2014

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

16              **UNITED STATES DISTRICT COURT**
17
18             **CENTRAL DISTRICT OF CALIFORNIA**
19

20  SPARK NETWORKS USA, LLC, a          Case No. 2:13-cv-07121-BRO-E
    Delaware limited liability company,
21
22              Plaintiffs,            **JOINT STIPULATION RE**
                                       **PROTECTIVE ORDER**
23        vs.
24
    SALEM COMMUNICATIONS
25  CORPORATION, a Delaware corporation,
26  and DOES 1 through 10, inclusive,
27
                Defendants.
28

                        1
        JOINT STIPULATION RE PROTECTIVE ORDER

1      WHEREAS, Plaintiff Spark Networks USA, LLC a Delaware limited liability

2 company has filed a Complaint against Defendant Salem Communications

3 Corporation, a Delaware corporation, in the above-captioned action (the "Action");

4      WHEREAS, discovery in this Action may involve the disclosure of trade secrets

5 as defined in California Civil Code § 3426.1 or other confidential, technical, business

6 and financial information, including, but not limited to, marketing information, sales

7 information, customer lists, market surveys, and other similar materials;

8      WHEREAS, pursuant to Rule 26(c)(7) of the Federal Rules of Civil Procedure,

9 the Parties hereby stipulate to the entry of this protective order (the "Protective Order")

10 limiting the disclosure of certain information produced or otherwise discovered and

11 agree to be bound by the restrictions of the Protective Order limiting use of such

12 information as provided;

13      IT IS HEREBY STIPULATED, AGREED AND ORDERED as follows:

14      1.    All documents, electronically stored information, materials, items,

15 testimony or information, regardless of whether stored in electronic or paper form,

16 produced or filed with the Court, submitted to the Court in connection with a hearing

17 or trial, or produced, provided or served, formally or informally, either by a Party or by

18 a non-party, to or for any of the other Parties, shall be governed by this Protective

19 Order if designated in accordance with this Protective Order, and if so designated, used

20 only for the purposes of this litigation and not for any other purpose, including but not

21 limited to business, legal, competitive or governmental purpose or function.

22 Notwithstanding the foregoing, nothing in this paragraph 1 or in this Protective Order

23 shall be deemed to limit or otherwise restrict or impair in any manner any Party's use

24 or disclosure of its own information, in whatever form.

25      2.    The terms of this Protective Order shall apply to all manner and means of

26 disclosure of information in discovery, whether formal or informal, designated in

27 accordance with this Protective Order, including without limitation oral testimony,

28 entry onto land or premises, and production and/or inspection of books, records,

1    documents, electronically stored information and tangible things.

2        3.    Definitions

3        a.    "Confidential" information is defined herein as information that a

4              Disclosing Party in good faith believes (i) is not in the public domain (i.e.,

5              not generally known and not reasonably ascertainable by proper means)

6              and (ii) contains trade secrets (as defined in California Civil Code §

7              3426.1) or other proprietary or confidential research, development,

8              marketing, financial, technical, or commercial information, including

9              business plans, pricing information, financial statements and accounting

10             reports, license agreements, minutes of board of directors meetings,

11             marketing and advertising plans, product development information and

12             market research or other commercial information.

13       b.    "Disclosing Party" is defined herein as any Party or non-party who is

14             requested to produce or produces Documents or other information in

15             connection with the conduct of the Action.

16       c.    "Document" shall include without limitation any documents, records,

17             exhibits, reports, samples, transcripts, oral testimony, video or audio

18             recordings, affidavits, briefs, summaries, notes, abstracts, drawings,

19             company records and reports, computer code, databases, version control

20             systems, communications, letters, correspondence, emails and

21             attachments thereto, answers to interrogatories, responses to requests for

22             admissions, pleadings or motions, including copies or computer-stored

23             versions of any of the foregoing.  The term "Document" as used herein

24             specifically includes electronically stored information as that term is used

25             in the Federal Rules of Civil Procedure.

26       d.    "Attorneys' Eyes Only" information is defined herein as such

27             Confidential information that the Disclosing Party in good faith believes

28             would cause direct harm to the competitive position of the Disclosing

3

JOINT STIPULATION RE PROTECTIVE ORDER

Party if such Confidential information were to be disclosed or is so competitively sensitive that its disclosure could materially affect the business, commercial or financial interests of the Disclosing Party.

e. "Qualified Person" as used herein means:

(i) A Party, or an officer, director, or employee of a Party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this litigation;

(ii.) Outside attorneys of record for the parties in this litigation and employees or service providers of such counsel to whom it is necessary that the material be shown for purposes of the litigation;

(iii) In-house counsel for a Party who are responsible for assisting with the litigation;

(iv.) Any person retained by a Party or its trial counsel as an independent consultant or expert (who is not a shareholder, officer, director or employee of a Party) who agrees in writing to be bound by the terms of this Protective Order in the form of Exhibit A, attached hereto (such signed agreement shall be preserved by the retaining Party or trial counsel);

(v.) Any court reporter who transcribes testimony in this Action at a deposition and who agrees that all testimony and exhibits that are designated Confidential or Attorneys' Eyes Only is and shall remain Confidential or Attorneys' Eyes Only, and shall not be disclosed except as provided in this Order;

(vi.) The Court and the Court's personnel;

(vii.) Outside vendors who perform copying, document preparation, or creation of trial graphics or tutorials on behalf of any Party for use in this action and who agree that all testimony and exhibits that are designated Confidential or Attorneys' Eyes Only is and shall

4

JOINT STIPULATION RE PROTECTIVE ORDER

1   remain Confidential or Attorneys' Eyes Only and shall not be
2   disclosed except as provided in this Order;
3   (viii.) Any other person who is designated as a Qualified Person by
4   written agreement of counsel for the Parties or by Order of this
5   Court, after notice to all Parties and a hearing;
6   f.      "Receiving Party" is defined herein as any individual who has received
7   information properly designated as Confidential or Attorneys' Eyes Only pursuant to
8   this Protective Order.
9   4.      A Disclosing Party may designate Confidential information, as defined
10  herein. In designating Confidential information, the Disclosing Party will make such
11  designation only as to that information that it has regularly treated as, and in good faith
12  believes contains, Confidential information, as defined herein and consistent with
13  Federal Rule of Civil Procedure 26(c)(7). No item shall be deemed Confidential if it is
14  disclosed in a printed publication available to the public or trade, is generally known
15  throughout the trade and public, or is or comes to be known to a Party through means
16  not constituting breach of any proprietary or confidential relationship or obligation,
17  breach of this Protective Order or any improper means.
18  5.      Documents and things produced that contain Confidential information
19  may be designated as such by marking the first page or tangible medium containing
20  such information, if it is an electronic document, or each page if it is a paper document
21  at or before the time of production as follows:
22  "CONFIDENTIAL"
23  6.      Access to information designated as CONFIDENTIAL shall be limited to
24  Qualified Persons (as defined in paragraph 3(e) above). A Receiving Party shall treat
25  information as "Confidential" under this Protective Order, as soon as a Disclosing
26  Party so designates the information.
27  7.      A Disclosing Party may designate Attorneys' Eyes Only information, as
28  defined herein. In designating Attorneys' Eyes Only information, the Disclosing Party

5

JOINT STIPULATION RE PROTECTIVE ORDER

1 | will make such designation only as to that information that it has regularly treated as,
2 | and in good faith believes contains, Attorneys' Eyes Only information, as defined
3 | herein and consistent with Federal Rule of Civil Procedure 26(c)(7). Documents,
4 | testimony, information and other things designated ATTORNEYS' EYES ONLY may
5 | be disclosed only to the Qualified Persons identified in subsections (ii) through (viii)
6 | of Paragraph 3(e) of this Protective Order. A Receiving Party shall treat information
7 | as Attorneys' Eyes Only under this Protective Order, as soon as a Disclosing Party so
8 | designates the information.

9 |     8.    Documents and things produced that contain Attorneys' Eyes Only
10 | information may be designated as such by marking the first page or tangible medium
11 | containing such information, if it is an electronic document, or each page if it is a
12 | paper document at or before the time of production as follows:

13 |     "ATTORNEYS' EYES ONLY"

14 |     9.    In the event that at the time a document is produced the designation
15 | Confidential or Attorneys' Eyes Only is lacking, and it is later determined, in good
16 | faith, that such a designation should have appeared on the document, the Disclosing
17 | Party may restrict future disclosure of the document, consistent with this Protective
18 | Order, by notifying the Receiving Party in writing of the change in or addition of a
19 | restrictive designation, accompanied by substitute copies of each item, properly
20 | designated. As soon as notice of a designation is made by a Disclosing Party, all
21 | recipients of the designated materials shall immediately treat the designated
22 | Documents or information consistent with the designation given by the Disclosing
23 | Party. Those individuals who reviewed the documents or information prior to notice
24 | of the mis-designation or failure to designate by the Disclosing Party shall return all
25 | copies of the mis-designated or non-designated documents and shall honor the
26 | provisions of this Protective Order with respect to the use and disclosure of any
27 | information contained in the mis-designated or non-designated Documents or
28 | information. The Receiving Party shall have no liability to the Disclosing Party, the

1   Court, or third parties for any use or disclosure of any documents or information prior
2   to the time that the Disclosing Party notifies the Receiving Party in writing of the
3   change in or addition of a specific designation under this Protective Order.

4       10.    In the event that either Party retains independent consultants or experts to
5   furnish technical or consulting services or to give testimony with respect to the subject
6   matter of this Action, and such Party desires to disclose to such independent consultant
7   or expert any information designated by the other Party as Confidential or Attorneys'
8   Eyes Only, then such disclosure shall be permitted only under the following
9   conditions:

10      a.    Prior to disclosure, the independent consultant or expert shall
11            acknowledge, in writing, by signing a copy of Exhibit A attached hereto,
12            that he/she has received and read a copy of this Protective Order, and that
13            he/she is bound by the terms thereof.

14      b.    Prior to disclosure of such Confidential or Attorneys' Eyes Only
15            information, a copy of signed Exhibit A and a copy of the independent
16            consultant or expert's curriculum vitae shall be delivered by electronic
17            mail, hand delivery, facsimile or overnight courier to Trial Counsel for
18            the Disclosing Party along with a statement that the Exhibit and
19            curriculum vitae are being served in accordance with this paragraph 10 of
20            the Protective Order.

21      c.    In the event that the Disclosing Party objects to disclosure of its
22            Confidential or Attorneys' Eyes Only information to the independent
23            consultant or expert, the Disclosing Party shall deliver by hand, facsimile
24            or overnight courier a notice of objection to the opposing Party within
25            eight (8) business days after receipt of service of the materials required to
26            be served under subparagraph (b) of this paragraph 10. In such event,
27            disclosure of the information shall not be made until the Parties agree in
28            writing that such disclosure may be made or the Court issues an order or

7

JOINT STIPULATION RE PROTECTIVE ORDER

ruling that such disclosure is permitted. The Disclosing Party shall, with its notice of objection, state fully its reasons and grounds for such objection. Failure to give notice of objection within eight (8) business days after receipt of service of the materials required to be served under subparagraph (b) of this paragraph 10 shall operate as a waiver of the objection, unless a reason and ground for an objection becomes apparent after such time which reason and ground did not exist at such time.

d.  Unless the dispute is resolved by agreement between the Parties, the Party seeking disclosure may move for a ruling by the Court on the dispute. The Disclosing Party shall have the burden of establishing that the disclosure should not be permitted.

e.  When an expert or independent consultant has been identified pursuant to the above procedure, the procedure need not be followed for any and all  subsequent disclosures of confidential material to the same expert or independent consultant.

11.  Except for use during court proceedings, all Documents and information, including testimony and exhibits, disclosed in a deposition of a non-party deponent, Party or a Party's present or former officers, directors, employees, agents, or independent experts retained by such party for purposes of this litigation shall be treated as if it had been designated as Attorneys' Eyes Only at the time of the taking of the deposition and for a period of fifteen (15) calendar days after the transcript of said deposition is received by the Disclosing Party. Information disclosed at the deposition may be designated under this Protective Order by a Disclosing Party by so-indicating on the record at the deposition, or by the Disclosing Party's notifying all other Parties and the court reporter in writing, within fifteen (15) calendar days of receipt of the original copy of the transcript of the portions of the transcript that contain information to be designated under this Protective Order. The Disclosing Party shall attach a copy of a written statement making such designation to the face of the transcript by page

8

JOINT STIPULATION RE PROTECTIVE ORDER

1  and line numbers and provide a copy of same to every other Party.

2      12.    Testimony designated as Attorneys' Eyes Only or exhibits designated as
3  Attorneys' Eyes Only shall not be disclosed to any persons other than those specified
4  in subsections (ii) through (viii) of Paragraph 3(e). The designation of testimony given
5  as Confidential or Attorneys' Eyes Only, or the de-designation of such testimony
6  given, shall not affect the confidential status of exhibits presented or used in
7  connection with such testimony.

8      13.    All Confidential or Attorneys' Eyes Only information submitted to the
9  Court, and all portions of pleadings, motions or other papers filed with the Court that
10  disclose such Confidential or Attorneys' Eyes Only information, shall be filed under
11  seal with the Clerk of the Court and kept under seal until further order of the Court.
12  The parties will use their best efforts to minimize such sealing. In addition, any party
13  filing any portion of any pleading, motion or other paper under seal shall file via ECF
14  a redacted copy of any such pleading, motion or other paper that removes any and all
15  references to the Confidential or Attorneys' Eyes Only information. If, after the
16  conclusion of this litigation and any time for appeal has expired, the Clerk of the Court
17  desires to or must for any reason destroy any documents that were filed under seal, the
18  Clerk of the Court may follow the regular procedures for the destruction of documents
19  that were filed under seal.

20      14.    In the event that Documents or information designated pursuant to this
21  Protective Order are disclosed to any person not authorized by this Protective Order to
22  receive the Documents or information, the party responsible for this disclosure must
23  immediately bring all pertinent facts relating to such disclosure to the attention of all
24  Parties, and without prejudice to other rights and remedies of the Disclosing Party,
25  shall prevent further disclosure by it and seek to prevent further disclosure by any
26  other person who was the recipient of such Documents or information. The
27  identification under this section of a Party to whom disclosure was made shall not
28  constitute a waiver of attorney work product or attorney-client privileges.

JOINT STIPULATION RE PROTECTIVE ORDER

15.     The inadvertent production of any privileged or otherwise protected materials shall not be deemed a waiver or impairment of any claim of privilege or protection including, but not limited to, the attorney-client privilege and the protection afforded to work-product materials, or the subject matter thereof.  Upon receiving written notice from the Disclosing Party that materials asserted to be privileged or protected have been inadvertently produced, the Receiving Party shall promptly return or destroy all such material (and any copies that may have been made and may have been distributed) to the Disclosing Party within five (5) business days of receipt of such notice.  Until such materials are returned or destroyed, such materials and the information contained therein shall be treated as Attorneys' Eyes Only.  Nothing stated herein shall limit the right of a Party to challenge a claim of privilege or protection made pursuant to this paragraph.

16.     If a Party wishes to challenge the designation of any information as Confidential or Attorneys' Eyes Only, the Party shall, in good faith, narrowly limit such efforts solely to those Documents, testimony, transcripts, and/or other materials or things (or portions thereof) for which declassification reasonably appears to be appropriate.  The Disclosing Party shall, within ten (10) business days after receipt of the Receiving Party's request for declassification, make a good faith determination as to whether the information at issue should be declassified and notify the Receiving Party of its determination.  If the dispute cannot be resolved informally or the Disclosing Party fails to respond within ten (10) business days, the Receiving Party may seek appropriate relief from the Court.  The Disclosing Party shall have the burden of proving that the designation is proper.  The designation of the disputed information shall remain unless and until otherwise ordered by the Court.

17.     A Party shall not be obligated to challenge the propriety of a designation of a document at any level of confidentiality identified in this Protective Order at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.

18.     Within sixty (60) calendar days after the conclusion of this litigation and

1  any time for appeal has expired, unless the Parties agree in writing to the contrary, any
2  originals or reproductions of any documents produced by a Disclosing Party
3  containing Confidential and Attorneys' Eyes Only information shall be destroyed,
4  except that trial counsel shall be entitled to retain for archival purposes one (1) paper
5  and one (1) electronic copy of pleadings, correspondence, deposition transcripts,
6  deposition exhibits, memoranda, notes and other work product materials which contain
7  or refer to Confidential and Attorneys' Eyes Only information.

8         19.    Insofar as the provisions of this Protective Order restrict the
9  communication and use of the Documents produced hereunder, this Order shall
10 continue to be binding after the conclusion of this litigation except (a) that there shall
11 be no restriction on documents that are used as exhibits in open court (unless such
12 exhibits were filed under seal) **or** (b) that a Party may seek the written permission of
13 the Disclosing Party or further order of the Court with respect to dissolution or
14 modification of the Protective Order.

15        20.    This Protective Order is being entered without prejudice to the right of
16 any Party or other person to move the Court for modification of or relief from any of
17 its terms.

18        21.    Nothing shall prevent disclosure beyond the terms of this Order if the
19 Disclosing Party consents to such disclosure, or if the Court, after notice to all Parties
20 and a hearing, orders such disclosure.

21        22.    Unless the Parties stipulate otherwise, evidence of the existence or
22 nonexistence of a designation under this Protective Order shall not be admissible for
23 any purpose, nor shall the designation or acceptance of any information designated
24 pursuant to this Protective Order constitute an admission or acknowledgment that the
25 material so designated is in fact proprietary, confidential or a trade secret.

26        23.    This Protective Order shall not be deemed (a) a waiver of any Party's or
27 producing entity's right to object to any discovery requests on any ground; (b) a
28 waiver of any Party's right to seek an order compelling discovery with respect to any

1  discovery requests; (c) a waiver of any Party's right to object to the admission of

2  evidence on any ground; (d) a waiver of any Party's or producing entity's right to use

3  or disclose its own documents, testimony, transcripts, and/or other materials or things

4  at its sole own discretion; or (e) any waiver of the attorney-client privilege or

5  protection of the work product doctrine.

6      24.    Nothing in this Order shall bar amendment of this Order by stipulation of

7  the Parties or by Order of the Court. Any such amendment made by stipulation of the

8  Parties shall be made in writing.

9      25.    If any Party (a) is subpoenaed in another action, or (b) is served with a

10  demand in another action to which it is a party, (c) is served with any legal process by

11  one not a party to this Action, or (d) is ordered by another court or an administrative

12  agency to produce Documents or information, and any of the foregoing calls for the

13  production by a Receiving Party of documents or information designated for protection

14  under this Protective Order which was produced or designated as Confidential or

15  Attorneys' Eyes Only by someone other than that Party, then the Party receiving the

16  subpoena, demand, or other legal process shall give prompt actual written notice, by

17  electronic mail, hand, overnight delivery or facsimile transmission, within three (3)

18  business days, to counsel for the Disclosing Party and shall object to its production to

19  the extent permitted by law. Should the person seeking access to the material

20  designated as Confidential or Attorneys' Eyes Only take action against the Party or

21  anyone else covered by this Order to enforce such a subpoena, demand or other legal

22  process, the Party shall respond by setting forth the existence of this Order. In the

23  event that the Receiving Party complies with all of the foregoing and is ordered to

24  produce the material designated as Confidential or Attorneys' Eyes Only, the

25  Receiving Party shall, no less than five (5) court days prior to any actual disclosure of

26  any documents or information designated for protection under this Protective Order,

27  provide written notice to each and every Disclosing Party of the precise scope of the

28  disclosure the Receiving Party intends to make (by providing a copy of the Notice

1  which specifically names each and every document requested), the entity to whom the

2  Receiving Party intends to make the disclosure to, and a specific identification of the

3  order which the Receiving Party believes requires the disclosure, if any. Nothing

4  herein shall be construed as requiring the Party or anyone else covered by this

5  Stipulation and Order to challenge or appeal any Order requiring production of the

6  material designated as Confidential or Attorneys' Eyes Only information covered by

7  this Order, or to subject itself to any penalties for noncompliance with any legal

8  process or Order, or to seek any relief from this Court.

9       26.    The terms of this Protective Order shall survive termination of this action.

10     SO STIPULATED:

11

12  Dated: June 11, 2014             Dated: June 10, 2014

13  LKP GLOBAL LAW, LLP          LEE TRAN & LIANG LLP

14

15

16  By: _____    By: _____

17     Victor T. Fu                   Lisa J. Chin

   1901 Avenue of the Stars, Suite 480    601 Gateway Blvd., Suite 1010

18     Los Angeles, California 90067      S. San Francisco, California 94080

19     Telephone: (424) 239-1890       Telephone: (818) 884-9998

   *Attorneys for Spark Networks USA,*   *Attorneys for Salem Communications*

20  *LLC*                           *Corporation*

21

22

23

24

25

26

27

28

JOINT STIPULATION RE PROTECTIVE ORDER

1      IT IS SO ORDERED.

2

3    DATED:  6/13/14

4                                          THE HONORABLE ~~BEVERLY REID~~
                                           ~~O'CONNELL~~  Charles F. Eick
5                                          United States ~~District Court Judge~~
                                           Magistrate Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                           14
                        JOINT STIPULATION RE PROTECTIVE ORDER

# **EXHIBIT A**

## **Nondisclosure Agreement**

I, _____, do solemnly swear that I am fully familiar with the terms of the Protective Order entered in *Spark Networks USA, LLC v. Salem Communications Corporation*, United States District Court for the Central District of California, Civil Action No. CV13-7121 BRO (Ex), and hereby agree to comply with and be bound by the terms and conditions of said Order unless and until modified by further Order of the Court.  I hereby consent to the jurisdiction of the Court for purposes of enforcing this nondisclosure agreement.

DATED: _____          _____

---

15

JOINT STIPULATION RE PROTECTIVE ORDER